**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| ERNESTO BAEZ-MIRANDA ET AL, <br><br> Plaintiffs, <br><br> v. <br><br> THE COMMONWEALTH OF PUERTO RICO, ET AL <br><br> Defendants. | CIV. NO. 03-2010 (PG) |

**OPINION AND ORDER**

On September 18, 2003, plaintiffs Ernesto Báez ("Báez" or "Plaintiff"), his wife, Violeta Arroyo ("Arroyo"), and the Conjugal Partnership comprised between them filed the present claim against defendants the Commonwealth of Puerto Rico, Aleida Varona-Mendez ("Varona"), Yolanda Zayas ("Zayas"), Nilda Santiago ("Santiago"), Maria Maldonado ("Maldonado"), and Sisinio Ortiz ("Ortiz"). See Docket No. 1. In their complaint, plaintiffs alleged that Báez was discriminated against, and was eventually discharged from his career position in ASUME (Administration for Child Support Enforcement, Department of the Family) because of his political affiliation. In addition, Báez alleged a violation of his due process rights inasmuch as he was only afforded a "pro forma" administrative hearing prior to his dismissal. Plaintiff Báez also included a claim of constructive discharge in his complaint.

On February 9, 2004, defendants Varona, in her official capacity, and the Commonwealth of Puerto Rico, Zayas, Santiago, Maldonado and Ortiz, in their official and personal capacities, moved to dismiss the complaint pursuant to FED.R.CIV.P. 12(b)(6) (failure to state a claim upon which relief can be granted). See Dockets No. 9 & 11. Defendants argued that they were entitled to Eleventh Amendment immunity, that plaintiffs had failed to properly assert a cognizable political discrimination and due

Civ. No. 03-2010 (PG)                                                    Page 2

process violation claim, and that plaintiff Báez failed to state a claim of constructive discharge. Defendants also argued that this Court should dismiss this claim based on the Colorado River[1] abstention doctrine.

On August 11, 2004, the motions were referred to the then Magistrate Judge Aida Delgado-Colón for a Report and Recommendation. See Dockets No. 17 & 18. On August 26, 2004, the Magistrate Judge issued her Report concluding and recommending the following:

i.  that plaintiffs Violeta Arroyo-Rosado and the Conjugal Partnership comprised between Báez and Arroyo lacked standing to sue the defendants under 42 U.S.C. § 1983, and thus, their claims should be dismissed with prejudice;

ii. that Báez had adequately alleged a claim of political discrimination;

iii. that Báez had adequately alleged a violation of his right to due process;

iv. that the Eleventh Amendment barred claims seeking monetary damages from the Commonwealth of Puerto Rico and the defendants in their official capacities, and accordingly, those claims should be dismissed;

v.  that abstention in this case was proper and appropriate pursuant to the Colorado River abstention doctrine.

See Docket No. 23.

After reviewing the Magistrate's findings, as well as Plaintiff's objections (Docket No. 27) and Defendants' reply to Plaintiff's objections (Docket No. 29), this Court adopted in part and rejected in part the Report and Recommendation in an Opinion and Order issued on September 17, 2007. See Docket No. 43. The only recommendation rejected by this Court was that

---

[1] See Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976).

Civ. No. 03-2010 (PG)                                                  Page 3

we should abstain from adjudicating this claim pursuant to <u>Colorado River</u>.[2] Shortly thereafter, a status conference was held and Plaintiff was granted a term of twenty days to amend the complaint in accordance with this Court's rulings in the Opinion and Order, <u>see</u> Docket No. 49, and Plaintiff complied. <u>See</u> Dockets No. 51 and 70.

Subsequently, defendants filed new requests for dismissal (Dockets No. 59 & 61). In their motion, defendants the Commonwealth of Puerto Rico, Zayas, Santiago, Maldonado and Ortiz once again argued that Plaintiff failed to state a claim upon which relief could be granted with regards to his political discrimination and due process violation claims, and that in the alternative, they were entitled to qualified immunity. Defendant Varona filed an independent motion to dismiss/motion for summary judgment[3] also claiming that Plaintiff has failed to state a claim upon which relief could be granted with regards to his political discrimination and due process violation claims.

After carefully reviewing these motions, the Court finds that defendants merely reiterate and rehash contentions that were previously raised and rejected in litigating their prior motions to dismiss. Defendants seem to forget that this Court, by adopting the Magistrate Judge's recommendations in her Report, has already deemed that Plaintiff's political discrimination and due process allegations survive a challenge

---

[2] In addition to adopting all but one of the Magistrate Judge's recommendations, this Court dismissed *sua sponte* Plaintiff Báez's Fifth Amendment claim. <u>See</u> Docket No. 43 at pages 9-10.

[3] Local Rule 56(b) of the District Court of Puerto Rico requires that a party seeking summary judgment supply a list of the allegedly uncontested facts on which it relies supported by a record citation, whereas Local Rule 56(e) states that the court shall have no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts. Defendant Varona filed a "Motion Submitting Incorporated Statement of Uncontested Facts" (Docket No. 62) incorporating therein "all the statements of uncontested facts previously filed … in Docket No. 9," and the accompanying memorandum of law (Docket No. 61) rarely makes a reference to these supposedly uncontested facts. The instant hybrid motion and the statement of uncontested material facts hardly comply with the spirit or letter of Local Civil Rules 56(b) & 56(e). Accordingly, defendant Varona's request for dismissal will only be considered as a motion to dismiss pursuant to FED.R.CIV.P. 12(b)(6).

Civ. No. 03-2010 (PG)                                                    Page 4

under Federal Rule of Civil Procedure 12(b)(6). Therefore, they will not be reconsidered. Notwithstanding, inasmuch as the issue of qualified immunity was not addressed by the Magistrate Judge in her Report and Recommendation, this Court will discuss it herein.

## II. DISCUSSION

### A. Motion to Dismiss Standard

When ruling on either 12(b)(1) or 12(b)(6) motion, a court must accept all well-pled factual averments as true and must draw all reasonable inferences in the plaintiffs' favor. Pejepscot Indus. Park v. Maine Cent. R.R., 215 F.3d 195, 197 (1ST Cir.2000)("The standard applied to a 12(b)(1) motion is similar to the standard applied to a 12(b)(6) motion, namely, the Court must take all of plaintiff's allegations as true and must view them, along with all reasonable inferences therefrom, in the light most favorable to plaintiff"). See Negron-Gaztambide v. Hernandez-Torres, 35 F.3d 25, 27 (1ST Cir.1994). A complaint should not be dismissed unless it appears beyond any doubt that the non-moving party can prove no set of facts which may support a claim entitling him or her to relief. Ronald C. Brown v. Hot, Sexy, and Safe Productions, Inc., 68 F.3d 525 (1st Cir.1995).

While this standard is very generous to the non-moving party, it does not follow that it is completely "toothless". Zeus Projects Limited v. Pérez & Cia, 187 F.R.D. 23, 26 (D.P.R. 1999). The complainant may not rest merely on "unsupported conclusions or interpretations of law." Washington Legal Foundation v. Massachusetts Bar Foundation, 993 F.2d 962, 971 (1st Cir.1993). In order to survive a motion to dismiss, plaintiffs must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery." Gooly v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir.1988). The Court need not accept "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir.1996).

Civ. No. 03-2010 (PG)                                                  Page 5

### B.   Qualified Immunity

As part of their request for dismissal, the individual co-defendants argue that they are entitled to qualified immunity. See Docket No. 59 at page 15. They contend that the allegations in the complaint are insufficient to establish that defendants violated Plaintiffs' constitutional rights, and that any other similarly situated official would understand that the challenged conduct does not violate the right in question.

The doctrine of qualified immunity protects government officials who perform discretionary functions from suit and from liability for monetary damages under Section 1983. See Roldan-Plumey v. Cerezo-Suarez, 115 F.3d 58, 65 (1st Cir.1997). When assessing a claim of qualified immunity, the First Circuit Court of Appeals utilizes a three-part test for qualified immunity, whereas other circuits have used a test that addresses the same issues, but considered in two steps. Sueiro v. Torregrosa de la Rosa, 494 F.3d 227, 234 (1st Cir.2007) (internal citations omitted). The first of the immunity questions is whether there was a violation of constitutional rights. Id. "Under our immunity law, the second question is whether the constitutional right was clearly established at the time of violation." Id. (citing Whitfield v. Meléndez-Rivera, 431 F.3d 1, 7 (1st Cir. 2005)). "The final question is 'whether a reasonable officer, similarly situated, would understand that the challenged conduct violated the clearly established right at issue.'" Id. (citing Borges Colón v. Román-Abreu, 438 F.3d 1, 18-19)). "A determination of objective reasonableness will often require examination of the information possessed by the defendant officials." Kelley v. LaForce, 288 F.3d 1, 7 (1st Cir.2002) (internal citations omitted).

However, the First Circuit has recognized that "[a]lthough … 'the immunity question should be resolved, where possible, in advance of trial,'

Civ. No. 03-2010 (PG)                                                    Page 6

pre-trial resolution sometimes will be impossible because of a dispute as to material facts." Id. (quoting Swain v. Spinney, 117 F.3d 1, 10 (1st Cir.1997)). In such a case, "[o]nly after the facts have been settled can the court determine whether the actions were objectively reasonable so as to fall under the qualified immunity umbrella." Kelley, 288 F.3d at 7 (citing Swain, 117 F.3d at 10).

At the outset, it is clear that there can be no question that Báez's right to be free from discrimination on the basis of political opinions or beliefs is protected under the First Amendment and that, under the Fourteenth Amendment, career employees in positions such as Plaintiff's are entitled to due process in association with their termination. It is also evident that these rights were clearly established at the time defendants allegedly deprived him of his rights. See Galloza v. Foy, 389 F.3d 26, 28 (1st Cir.2004); Crawford-El v. Britton, 523 U.S. 574, 592-593 (1998); Padilla-Garcia v. Guillermo Rodriguez, 212 F.3d 69, 74 (1st Cir.2000) (stating, "[i]t is now well established that political patronage restrains freedom of belief and association, core activities protected by the First Amendment."); Torres-Rosado v. Rotger-Sabat, 335 F.3d 1, 10 (1st Cir.2003) (career employees are entitled to due process in association with their termination.). Notwithstanding, to be cloaked with qualified immunity, the Court must determine whether defendants could have believed their actions were lawful in light of clearly established law and the information they possessed at the time of their allegedly unlawful conduct. However, in order to make a determination with regards to this final prong of the applicable test, this Court finds that an examination of the information possessed by the defendant officials may be required. See Kelley, 288 F.3d at 7. Upon carefully reviewing the complaint, we find there are issues of fact regarding possible discriminatory animus on defendants' part that preclude us from considering the qualified immunity defense at this time.

See <u>Padilla Roman v. Hernandez Perez</u>, 381 F.Supp.2d 17 (D.P.R. 2005) (issue of whether defendants were entitled to qualified immunity could not be resolved at motion to dismiss stage). Accordingly, defendants' request for dismissal on qualified immunity grounds is **DENIED WITHOUT PREJUDICE.**

### IV. CONCLUSION

For the foregoing reasons, the Court hereby **DENIES** defendants' motions to dismiss (Dockets No. 59 & 61).

**SO ORDERED.**

In San Juan, Puerto Rico, January 9, 2008.

S/ <u>JUAN M. PÉREZ-GIMÉNEZ</u>
JUAN M. PÉREZ-GIMÉNEZ
UNITED STATES DISTRICT JUDGE